IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTOINE PARKER,

                Plaintiff,                Case No. 3:08 CV 1201

   -vs-

                                                MEMORANDUM OPINION

ALAN LAZAROFF,

                Defendant.

KATZ, J.

    This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Vernelis K. Armstrong (Doc. 12). The Magistrate Judge recommended that the Court deny Petitioner's petition for writ of habeas corpus. For the reasons below, the Court now adopts the Magistrate Judge's R&R in full, and denies the petition.

    Petitioner, acting *pro se*, has filed a general objection to that recommendation. (Doc. 17). He does not identify any specific point of error in the Magistrate Judge's findings. Instead, he generally reiterates the same claims he raised before the Magistrate Judge.

    The Local Rules of the Northern District of Ohio require a party who wishes to challenge a Magistrate Judge's Report and Recommendation to file specific objections, which identify the portions of the Magistrate Judge's recommendation to which objection is made and the basis for the objection, within ten days of service. Local Rule 72.3(b). As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and the right to appeal in the Sixth Circuit if he fails to file an objection.

    A general objection to a Magistrate Judge's Report and Recommendation, which fails to specify the issues of contention, does not satisfy the requirement. The objections must be clear

enough to enable the District Court to discern those issues that are dispositive and contentious.

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). As the Sixth Circuit has explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

It is true (as noted by the Magistrate Judge below, see Doc. 12 at 12) that the law calls for liberal construction of *pro se* claims for relief. But all of the claims raised by Petitioner in his Objection have already been considered at length in the R&R, and Petitioner identifies no specific points of dispute with the Magistrate Judge's findings or analysis. Thus, it would constitute a duplication of time and effort for this Court to proceed to reexamine these issues in detail in the absence of any guidance from the Objection.

In this case, the Magistrate Judge filed her R&R on June 12, 2009, which included a notice specifically warning Defendant that he had ten days to file objections, and that if he failed to file such objections, he would waive his right to appeal. Though Petitioner initially did not receive a copy of the Magistrate Judge's R&R in time to file objections, this Court granted Petitioner's motion for reconsideration on August 4, 2009, directing that a copy of the R&R be delivered to Petitioner, and allowing additional time to file objections. Petitioner has now filed an objection, but did not identify any specific portions of the Magistrate Judge's findings to which he objects; nor did he identify any specific issues of contention. Accordingly, the Court finds that Defendant has waived his objections.

Furthermore, the Court has reviewed the Magistrate Judge's Report and Recommendation and it appears to the Court that the Magistrate Judge's findings are correct. The Court has determined <u>sua sponte</u> that no certificate of probable cause should issue in this case as any appeal would lack substantial merit.

Therefore, the Court adopts the Report and Recommendation of the United States Magistrate Judge in full. The petition for Writ of Habeas Corpus is denied.

IT IS SO ORDERED.

                S/ *David A. Katz*
                DAVID A. KATZ
                U. S. DISTRICT JUDGE